MAUDE THOMAS *vs.* JOSEPH REDER.

Essex. February 5, 1930. — February 6, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Practice, Civil*, Findings by judge. *Evidence*, Presumptions and burden
of proof. *Payment.*

At the trial in a district court of an action of contract by a woman for
wages at an agreed amount for conducting a boarding house for the
defendant during a certain period, it appeared that, after the stated
period, the plaintiff continued to conduct the boarding house and col-
lected rents for the defendant, making weekly statements for the
defendant of receipts and payments on slips of paper, balances shown
after deducting her wages and expenses being paid to the defendant;
that such weekly sheets sometimes were taken by the defendant and
at other times were not taken. There was no evidence that the slips
were within or without the control of the defendant, whether or not
they had been destroyed by him, or that any demand had been made
for their production. They were not produced at the trial. The

judge refused "as not applicable to the facts found" a request by the defendant for a ruling that the weekly settlements above described raised a presumption that the weekly sums due previous to the last date in the account annexed to the declaration had been paid, found for the plaintiff and reported the action to the Appellate Division, by whom the report was ordered dismissed. Upon an appeal to this court, it was *held*, that the report disclosed no question of law, but only questions of fact; and the order dismissing it was affirmed.

CONTRACT for $360 upon an account annexed for services rendered to the defendant "in conducting a lodging house in Lynn at an agreed wage of $15 a week for the period beginning April 19, 1924, and down to September 26, 1924." Writ in the District Court for Southern Essex dated January 7, 1929.

The defendant in his answer averred payment. The trial judge found that the plaintiff performed services as alleged in the declaration "during the period alleged, and continuously thereafter until early in the year 1928, about ten months prior to bringing suit at which time she ceased to work for the defendant;" that until September 26, 1924, she worked without receiving any pay; that thereafter and until she terminated her employment she received a weekly wage; that one of her duties was to collect rents for the defendant; "that a statement of her receipts and expenditures was kept on slips of paper which were exhibited to the defendant usually on Saturday or Sunday of each week when he went to the lodging house to collect them; that the money was collected by the plaintiff for the defendant subsequent to September 26, 1924, and varied from $160 a week to $1,000 a month, which moneys, deducting her wages and expenses, were turned over to the defendant. It appeared in evidence that the weekly sheets kept by the plaintiff for the defendant and shown to him were some times taken by him and at other times were not taken. There was no evidence that the slips were, at the trial of said cause, within or without the control of the defendant, whether or not they had been destroyed by him, or that any demand had been made for their production. The evidence at the trial showed that the slips were not produced at the trial by the defendant and that the defendant did not keep books of

any kind in connection ,with the affairs of the said lodging house owned by him."

The judge refused "as not applicable to the facts found" a request by the defendant that he rule as follows: "That the settlements made week by week subsequent to September 26, 1924, for a period of over three years, raises a presumption that the weekly sums due prior to September 26, 1924, were paid." There was a finding for the plaintiff in · the sum of $344 and the judge reported the action to the Appellate Division for the Northern District. The report was ordered dismissed. The defendant appealed.

In this court the only error which the defendant alleged was the refusal by the trial judge to give the ruling above quoted.

*J. A. O'Mahoney,* for the defendant, submitted a brief.

No argument nor brief for the plaintiff.

BY THE COURT. The report in the present case discloses no question of law but only questions of fact. The decision of the trial court on the facts is decisive against the contentions of the defendant. There is no occasion to discuss or even refer to the cases cited by the defendant. They are inapplicable to the case as presented.

*Order dismissing report affirmed.*